In re KENTUCKY BAR ASSOCIATION
AMENDED ADVISORY
OPINION E–291.

KENTUCKY COUNTY ATTORNEYS
ASSOCIATION, Movant,

v.

KENTUCKY BAR
ASSOCIATION, Respondent.

Supreme Court of Kentucky.

May 22, 1986.

## OPINION AND ORDER

Pursuant to SCR 3.530(5), the movant Kentucky County Attorneys Association timely filed a motion asking us to review Amended Advisory Opinion E–291 which was issued by the Ethics Committee of the respondent Kentucky Bar Association, and which appeared in the Fall issue of the *Kentucky Bench and Bar.*

After carefully reviewing the opinion and the briefs filed by both movant and respondent, we hereby approve the opinion as written and adopt it as follows:

"QUESTION 1: May the partner or associate of an assistant county attorney represent a defendant in a criminal proceeding in a court other than the court in which the assistant county attorney practices, if the client consents to the representation after full disclosure?

ANSWER: No.

QUESTION 2: May an assistant county attorney or his partner or associate represent a person on a civil matter who is simultaneously being prosecuted in the same county for an unrelated criminal offense?

ANSWER: No.

OPINION

A county attorney cannot act as defense counsel (KRS 15.740) and assistant county attorneys are subject to the same prohibition. KRS 69.300; KBA E–248, 211, 193. Partners and associates of the assistant county attorney are likewise forbidden to act as defense counsel. KBA E–275; 243, 167, 160. Consent of a client in a criminal action cannot eliminate the problem because the prohibition against a county attorney and his associ-

ates and partners acting as a defense counsel is for the protection of the public. The question is whether the public might "imply special advantage or unusual influence" accruing to the defendant from his representation by one associated with an assistant county attorney. KBA E–238. "The public demand for professional independence is great. The point is not whether impropriety exists but that any appearance of impropriety is to be avoided." KBA E–275.

The prohibition against associates or partners of assistant county attorneys practicing criminal defense work anywhere in the state flows in part from the Unified and Integrated Prosecutor System of Kentucky. KRS 15.700, 15.770. See also KBA E–262, 102.

The second question is directed to the representation of a person by the assistant county attorney or his associates or partners in a civil matter. While an assistant county attorney is permitted to engage in the private practice of law, he ought not be permitted to accept civil matters on behalf of persons being prosecuted by his office, even if the criminal case is unrelated to the civil matter. This would involve litigation against a present client, and would result in a division of loyalty even though the matters are not substantially related. DR 5–105; *Cinema 5 Ltd. v. Cinerama, Inc.*, 528 F.2d 1384 (2d Cir.1976).

The committee has stated that an attorney for the Commonwealth or his associates should be very reluctant to take a civil case where there is a possibility of further criminal action (KBA E–210) and that the prosecutor should ask "whether the contemplated civil representation is likely to give the appearance of impropriety to the public" (KBA E–275). Under the rule of imputed disqualification contained in DR 5–105 the partners or associates of an assistant county attorney are similarly constrained. It is the opinion of the committee that for one associated with an assistant county attorney to represent a person who is being prosecuted by that county attorney's of-

fice even on an unrelated matter would result in a division of loyalty. In addition, the public would no doubt question the zealousness of such a prosecution against a private client.

On the other hand, the committee does not believe that the disqualification in this context extends statewide. Statewide disqualification in matters relating to criminal defense flows from a specific statute, KRS 15.740. Accordingly, the committee is of the opinion that an assistant county attorney or his partner or associate should not be disqualified from representing clients in civil matters simply because the client is being prosecuted somewhere else in the Commonwealth, or is taking a position adverse to the Commonwealth in some other forum."

STEPHENS, C.J., and GANT and VANCE, JJ., concur.

LEIBSON, J., concurs and files a separate concurring opinion.

WINTERSHEIMER, J., concurs and files a separate concurring opinion in which WHITE, J., joins.

STEPHENSON, J., dissents.

> Robert F. Stephens
> Chief Justice

LEIBSON, Justice, concurring.

The Amended Advisory Opinion E–291 should be qualified by adding that a County Attorney, Assistant County Attorney, or their associates or partners, shall not be disciplined for the prohibited conduct except upon proof that the attorney knew or should have known of the pending criminal proceedings.

In a county such as Jefferson where the County Attorney has a large staff of assistants and a large docket to contend with, it may be difficult if not impossible for the attorneys involved to avoid innocent violation of the acts prohibited by the Ethics Opinion. Before the Bar Association recommends discipline for a violation, the burden should be on the Bar Association to

establish misconduct rather than mere inadvertence.

WINTERSHEIMER, Justice, concurring.

I concur with the majority opinion but I believe that the better practice would be to have a case-by-case review of whether the attorney knew or should have known of the simultaneous proceedings. The appearance of impropriety should be avoided in any situation in which a county attorney or an assistant county attorney, partner or associate represents a person in a civil matter who is simultaneously being prosecuted in the same county for an unrelated criminal offense. I believe Supreme Court Rule 3.530(5) provides a sufficient flexibility for this Court to review the ethics opinion E–291, and to provide a case-by-case method of review.

WHITE, J., joins in this concurring opinion.